U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 8 2021

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTOR LEONEL ORTIZ ALVAREZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-1160-A |
| | § | (NO. 4:19-CR-032-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Victor Leonel Ortiz Alvarez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the reply, the record, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On February 6, 2019, movant was charged in a one-count information with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

§ 846. CR Doc.[1] 19. On February 22, 2019, movant appeared before the court with the intent to enter a plea of guilty without benefit of a written plea agreement. CR Doc. 26. Movant and his attorney signed a waiver of indictment, CR Doc. 27, and a factual resume, which set forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 28. Movant testified under oath that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment would be at least five years and could be as much as forty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the information; he had read and understood the factual resume and understood everything in it; he was

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-032-A.

satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 74.

The probation officer prepared the PSR, which reflected that movant's base offense level was 38. CR Doc. 32, ¶ 26. He received two-level adjustments for (1) importation, (2) maintaining a premises for manufacturing or distribution, (3) unlawful discharge into the environment of hazardous or toxic substances, and (4) being an organizer and leader. Id. ¶¶ 27-29, 32. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 36, 37. Based on a total offense level of 43 and a criminal history category of I, his guideline range was life. However, the maximum statutorily authorized sentence of 40 years reduced the guideline range to 480 months. Id. ¶ 74. Movant filed objections, CR Doc. 52, and the probation officer prepared an addendum to the PSR. CR Doc. 41.

The government filed a motion for downward departure based on movant's substantial assistance to the government. CR Doc. 37. The court considered the motion at the sentencing hearing and explained that movant had already been adequately rewarded for his cooperation by not being charged with his true offense conduct, which would have resulted in a life sentence. CR Doc.

3

75. The court sentenced movant to a term of imprisonment of 480 months. CR Doc. 54. He appealed, CR Doc. 61, and his judgment was affirmed. United States v. Alvarez, 821 F. App'x 305 (5th Cir. 2020). He did not file a petition for writ of certiorari.

## II.

## Ground of the Motion

Movant asserts one ground in support of his motion. He says that his guilty plea was unintelligent and involuntary as a result of counsel's unfillable promise that he would receive a sentence of ten years if he pleaded guilty. Doc.[2] 1 at PageID[3] 4.

## III.

## Applicable Legal Standards

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document and also because additional pages are attached thereto.

4

the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

5

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

6

IV.

Analysis

Movant alleges that his attorney promised him that he would receive a sentence of no more than ten years if he agreed to plead guilty.[4] Doc. 1 at PageID 18. The allegation (assuming it pertains to the offense charged) is unsupported[5] and contrary to movant's testimony in open court. Any contention that movant's plea was not knowing and voluntary is belied by the record. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). His factual resume is likewise entitled to the presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of

---

[4] The document movant signed in support of the motion says that his attorney promised him "that if I pled guilty to possession and attempted distribution and cooperated that I would get a sentence of no more than ten years." Doc. 5 at PageID 35. Of course, this is not the offense to which he pleaded guilty.

[5] The court notes that the purported declarations signed by movant and his father are made "to the best of [their] knowledge, information and belief." Doc. 1 at PageID 21, PageID 23; Doc. 5 at PageID 35. Further, the declaration of movant's father, who resides in Mexico, CR Doc. 75 at 23, does not state that it is made under penalty of perjury under the laws of the United States. 28 U.S.C. § 1746. In any event, the declarations are conclusory and insufficient to support a challenge to the validity of the plea.

7

the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the arraignment hearing. As noted, movant says that the alleged promise related to a plea to possession and attempted distribution. Doc. 5 at PageID 35. Even if the promise related to the conspiracy charge, movant's father was not present when the alleged conversation between movant and his counsel took place. Doc. 1 at PageID 23. At best, the testimony of movant's father is that he understood that counsel had a plan to get

8

movant a ten-year sentence.[6] Id. Of course, an understanding that there will be a lesser sentence, like an erroneous prediction of a sentence, is insufficient to undermine a plea of guilty. Harmason v. Smith, 888 F.2d 1527, 1531-32 (5th Cir. 1989); United States v. Stumpf, 827 F.2d 1027, 1030 (5th Cir. 1987). After the meetings described in the purported declarations, movant testified in open court that no one had made any promise to him to induce him to plead guilty. He clearly understood that he faced a term of imprisonment of forty years. CR Doc. 74.

Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against the defendant are waived. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008). A guilty plea waives pre-plea ineffective assistance of counsel unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Cavitt, 550 F.3d at 441. Here, movant offers nothing but his post hoc conclusory allegation that he would have gone to trial, which is insufficient. Lee v. United States, 137 S. Ct. 1958, 1967 (2017). There is no contemporaneous evidence to support the allegation.

---

[6] The plan may well have been for the government to file a motion for downward departure, which it did.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 18, 2021.

_____
JOHN McBRYDE
Senior United States District Judge